ORANGE B. HEATON, appellant, *v.* HENRY P. HULBERT, appellee.

*Appeal from Madison.*

4  489
44a  97
4  489
49a  23
3s  489
99a  ²136
3s  489
e207  ²120

An action may be maintained by the holder of a promissory note, upon a guarantee written upon the back thereof, in the following words: "For a valuable consideration, I guaranty the payment of the within note.

   "January 23d, 1838.                              O. B. HEATON;"

and the guarantor is an endorser, so far as to transfer to and vest the legal title to the note in the plaintiff, and a guarantor for all other purposes. His liability does not depend upon the solvency or insolvency of the maker or endorser of the note.

It is not necessary for the plaintiff to institute legal proceedings against the maker or endorser of a promissory note, to show his insolvency, nor to prove demand, and notice of non-payment, in order to establish the liability of a guarantor; but a defendant may discharge himself from such liability, by showing laches on the part of the plaintiff in collecting his debt, and a resulting injury to the defendant. The *onus probandi* rests upon the defendant.

A letter of credit, with a guarantee which requires acceptance and notice, is distinguishable from an absolute guarantee of a promissory note, or sum certain, and the decision in this case is restricted to the latter case.

THIS cause was tried at the October term, 1841, of the Madison Circuit Court, before the Hon. Sidney Breese and a jury. Verdict and judgment were rendered for the plaintiff for $338.30 damages. The defendant appealed to this Court.

S. T. LOGAN and A. T. BLEDSOE, for the appellant.

N. D. STRONG and JUNIUS HALL, for the appellee.

DOUGLASS, Justice, delivered the opinion of the Court: (1)

Reiley executed a promissory note to Bledsoe and Turpin, and Turpin assigned, without recourse, his interest in the note to Bledsoe, and Bledsoe assigned the note to Heaton, the defendant, who wrote on the back of it a guarantee in these words:

"For a valuable consideration, I guaranty the payment of the within note.   May 23d, 1838.                 O. B. HEATON;"

and then and there delivered the note, with the endorsement and guarantee, to the plaintiff. The declaration contains three counts, and sets out all the facts as here stated. A demurrer was sustained to the first count, and a plea of *non assumpsit* filed and joined as to the second and third counts; and, upon a trial by a jury, a verdict was rendered for the plaintiff.

Six errors are assigned by the appellant, the first, second, and sixth of which present one and the same question, to wit, whether an action can be maintained by the plaintiff on the guarantee.

The third, fourth, and fifth errors in the assignment present this question only: whether it is necessary to establish the insolvency

(1) CATON, Justice, did not hear the argument in this cause, and gave no opinion.

of the maker and endorser of the note, before an action can be sustained against the guarantor.

The first question is determined by the case of Watson's Exrs. *v.* McLaren, (1) where it was held, that a general guarantee in these words, " I hereby guaranty the payment of a note made by," &c., without naming any person as a party guarantied, is a valid instrument, and may be enforced by any one who advances money upon it; and he may, in an action on the guarantee, declare as upon a promise to himself. The facts in that case were substantially the same as in this, and the Court says that the guarantor stands in the double relation of an express guarantor and an implied endorser. He is an endorser, so far as to transfer to and vest in the plaintiff, the legal title to the instrument, and a guarantor for all other purposes.

The only remaining question is, whether the plaintiff was bound to prosecute the maker and endorser of the note to insolvency, before he could proceed against the guarantor. The guarantee in the present case was absolute and unconditional, that the note should be paid when due. The guarantor's liability does not depend upon the solvency or insolvency of the maker and endorser of the note. Such are not the terms of his contract, or the nature of his undertaking.

In Allen *v.* Rightmere, (2) which was an action upon the absolute guarantee of a promissory note, Ch. J. Spencer says, " Proof of demand, and notice of non-payment, were not necessary. The defendant's engagement is, in effect, that Town should pay the note, or that he would pay it. It is the duty of the debtor to seek the creditor, and pay his debt on the very day it becomes due. As it regards the maker of the note, and to render him liable, no demand is necessary." And again he says, " The undertaking here is not conditional; it is absolute that the maker shall pay the note when due, or that the defendant will pay it himself." In Tilman *v.* Wheeler, (3) and the cases there referred to, it was taken for granted, that upon a guarantee, such as this, no demand or notice would have been necessary. In this last case, as well as in Nelson *v.* Dubois, (4) and Campbell *v.* Butler, (5) it also seems to have been taken for granted, that due diligence or prosecution to insolvency was entirely unnecessary. In Douglass *et al. v.* Reynolds *et al.*, (6) it was held that whilst demand and failure were indispensable to constitute a *casus fœdcris* on a continuing guarantee, the creditors are not bound to institute any legal proceedings against the debtor, but they are required to use reasonable diligence to make demand, and to give notice of non-payment. The guarantors are not to be held to any length of indulgence of credit which the creditors may choose, but have a right to insist that the risk of the responsibility shall be fixed, and terminate within a rea-

(1) 19 Wend. 557.  (2) 20 Johns. 364.  (3) 17 Johns. 326.
(4) 13 Johns. 175.  (5) 14 Johns. 347.  (6) 7 Peters 113.

sonable time after the debt has become due. Chancellor Kent (1) says, that the doctrine in the case of negotiable paper, as to demand and notice, has a feeble and qualified application to a guarantor. Thus it has been held, that the guarantor of a note could be discharged by the laches of the holder, as by neglect to make demand of payment of the maker, and give notice of non-payment to the guarantor, provided the maker was solvent when the note fell due, and became insolvent afterwards. The rule is not so strict as in the case of mere negotiable paper, and the neglect to give notice must have produced some loss or prejudice to the guarantor. Many authorities, English and American, are cited and referred to in the note in support of this position. It is also said by Chancellor Kent, in the same connection, that in the case of an absolute guarantee of the payment of a note, no demand or notice is requisite to fix the guarantor. This general doctrine is fully sustained by the notes and references in Chitty on Contracts 424, and by such of the cases there referred to as I have been able to examine.

The result of my investigation of this subject is, that it was not necessary for the plaintiff to institute legal proceedings against the maker or endorser of the note, nor to show their insolvency, nor to prove demand and notice of non-payment, in order to establish the liability of the guarantor; but that the defendant might have discharged himself from such liability, by showing laches on the part of the plaintiff in the collection of his debt, and a resulting injury to the defendant, such as an omission to make demand and give notice within a reasonable time, and a loss to the guarantor in consequence of such omission. The doctrine of demand and notice, as applicable to commercial paper, has but this qualified application to guarantees. Laches, and a consequent injury, must be shown, and the *onus probandi* rests upon the defendant. It is to be observed, however, that a distinction has been taken between the absolute guarantee of a promissory note, or a sum ascertained and certain, and a letter of credit, with a guarantee which requires acceptance and notice; and what is here said, is to be restricted to that class of cases to which the one before the Court properly belongs.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

(1) 3 Kent's Com. 123.