## G. M. SWISHER

### *v.*

## CHARLES DEERING *et al.*

*Opinion filed October 26, 1903.*

1. GUARANTY—*rule as to construing contract of guaranty.* A contract of guaranty should be construed as favorably to the creditor as other written contracts.

2. SAME—*when acceptance of a contract of guaranty is waived.* Acceptance of a contract guaranteeing an agency contract is waived where it provides that the agent and his guarantor guarantee the fulfillment by the agent of his obligations and duties and "waive notice of acceptance of the *above* contract."

3. SAME—*effect of failure to notify guarantor of agent's default.* Failure to notify a guarantor of an agency contract of the agent's default, even where not waived, has no other effect than to afford the guarantor a defense to the extent he sustains loss thereby.

4. APPEALS AND ERRORS—*harmless error in an instruction will not reverse.* Harmless error in an instruction will not reverse, particularly when any other verdict would have been unwarranted.

5. EVIDENCE—*when statement of account is admissible against guarantor.* A statement of account signed by an agent, showing the amount due from him to his principal, is admissible against the guarantor of the agency contract notwithstanding the agent has filed a petition in bankruptcy, where the statement is identified by a witness who testifies as to its correctness, which is not denied.

*Swisher* v. *Deering*, 104 Ill. App. 572, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. F. M. WRIGHT, Judge, presiding.

WOLFE & MULLIKEN, for appellant.

RAY & DOBBINS, and W. B. RILEY, (JAS. C. McMATH, and WILLIAM M. MAXWELL, of counsel,) for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was an action of assumpsit by appellees, against appellant, in the circuit court of Champaign county, in which court judgment was entered in favor of appellees

for $1645.38. Upon appeal to the Appellate Court the judgment was affirmed, and appellant prosecutes this appeal.

It appears that one O. P. Kellogg, who resided in the village of St. Joseph, desired to act as agent for the appellees, who are manufacturers of binders, mowers and other implements at Chicago. Appellees, doubting the financial responsibility of Kellogg, refused to appoint him as their agent unless he gave a guarantor. Thereupon appellant, upon request of Kellogg, consented to sign the contract of guaranty hereinafter set forth. The appointment of Kellogg as agent of appellees was in writing, and on the same page, and directly beneath it, was a contract of guaranty, which is as follows:

"In consideration of the appointment of said O. P. Kellogg as agent of Deering Harvester Company, for the sale of its harvesters, binders, reapers, mowers, trucks, extras, twine and other property in certain territory, the undersigned jointly and severally guarantee the fulfillment by said agent of all h— obligations and duties growing out of and relating to such agency or otherwise to Deering Harvester Company that now or hereafter may exist, and we agree to pay said Deering Harvester Company, or its successors, all damage it or they may sustain by reason of any default by said agent; and we hereby waive notice of acceptance of the above contract, notice of default by the above named agent, demand and diligence; that the written acknowledgment of or a judgment of any court against said agent shall in every respect bind and be conclusive against the undersigned, their heirs and representatives, and that the liability hereby created shall not be waived, modified or canceled by any extension of time to pay or keep any part of said obligations or duties, or otherwise, nor except by surrender to us of this guaranty and agreement, or by endorsement hereon by Deering Harvester Company at its home office in Chicago. No agent has authority to vary the terms of this contract of guaranty.

"Witness our hands and seals, March 26, A. D. 1901.

G. M. SWISHER.    [Seal.]"

On the written contract between appellees and Kellogg, in the blank printed for that purpose, and appearing

just left of the signature of the company and Kellogg, was this endorsement: "Accepted and approved, at Chicago, Illinois, this 4th day of April, 1901.—Deering Harvester Company, by P. W. Kelley."

Kellogg thereupon was appointed agent and acted as such thereunder, and on October 22, 1901, went into bankruptcy upon his own petition. At that time he was in default to appellees in the sum of $1645.38, and this suit was brought to recover that sum under the above contract of guaranty. On October 25, 1901, Kellogg made an accounting with a Mr. Peebles, who was an agent for the company, and the statement of account was reduced to writing and signed by both Peebles and Kellogg, showing the above sum due appellees.

The errors relied upon for reversal are raised by instructions requested by the appellant and refused by the court, and upon the admission of certain testimony. The questions raised by the instructions are: (1) That appellant was entitled to notice of the acceptance of his guaranty in order to be bound thereby; (2) that in the absence of notice, from time to time, that liability was accruing against him as guarantor, he could not be held to have guaranteed the payment of the amount due appellees from appellant; (3) appellant having filed a plea, verified by affidavit, denying the delivery of the guaranty, it was error to refuse to instruct the jury that the burden of proof to establish that the guaranty was delivered by the appellant to appellees was upon the appellees. It is also contended the court erred in admitting in evidence the statement of account or admission of indebtedness signed by Kellogg.

We think that a fair construction of the contract of guaranty is that appellant waived any notice of the acceptance thereof. The contract of guaranty should be construed as favorably to the creditor as other written contracts. (*Taussig* v. *Reid*, 145 Ill. 488.) The contention of appellant is, that the words, "we hereby waive notice

of acceptance of the above contract," applies to the contract between Kellogg and the Deering Harvester Company. We think that under the rules of construction applicable hereto these words refer to the contract of guaranty. The latter contract reads: "We agree to pay said Deering Harvester Company, or its successors, all damages it or they may sustain by reason of any default by said agent, and we hereby waive notice of the acceptance of the above contract." This guaranty is afterwards referred to in the contract of appellant as "contract of guaranty," and we are of opinion the meaning is that appellant waived notice of the acceptance thereof by appellees. It appears that he had been a guarantor on the contracts of this same agent with the same company for three successive years previous to the making of the contract in question, and it is a fair presumption that he was familiar with its method of doing business and with the terms of contract of guaranty used by appellees, and reasonably knew that he would be accepted. On February 26, 1901, appellant sent to appellees a letter, in which he stated he had a conference with Mr. C. E. Peebles in regard to the Kellogg shortage, and concluded his letter as follows: "I am ready to answer for his [Kellogg's] shortage when you get a statement and I know the balance." At the time of writing this letter, and before suit was brought, appellant recognized his liability as guarantor and expressed his readiness to make good the shortage of Kellogg. While his opinion of the law as to his liability might not bind him, we think it a fair inference from this letter that his interpretation of the waiver in the guaranty was that notice of its acceptance was waived, and where the language of contracts is of doubtful construction, the interpretation placed upon it by the acts of the parties tends strongly to show what were their real intentions.

We think that the second objection is not well taken. Failure to give notice of default, as is contended, even

if necessary and not waived, would have no other effect than to afford appellant a defense to the extent he had sustained loss or damage as a result of such failure to notify him. (*Taussig* v. *Reid, supra.*) There was no effort made by appellant to show any such damage. Moreover, appellant further agreed to waive "notice of default by the above named agent, demand and diligence."

If there was any error in refusing to instruct the jury that the burden of proof was upon the appellees to show the delivery, we think the error was harmless. The second instruction given told the jury it was necessary to prove the delivery of the instrument, and the proof that delivery was made was so overwhelming that the jury could not have found otherwise than they did. This court will not reverse a case for error in an instruction where any other verdict would have been unwarranted, and the error is harmless. *Town of Wheaton* v. *Hadley*, 131 Ill. 640.

The last objection raised, that the statement of account was not admissible in evidence, we think not well taken. Upon the trial appellees' agent, Peebles, was placed upon the stand and identified the paper as the statement of account made, and testified that the paper represented the true balance due plaintiffs from Kellogg. No denial was made by appellant that this was the amount due appellees from Kellogg. We held in *Swift* v. *Trustees of Schools*, 189 Ill. 584, that such an admission by the principal in suit upon such instrument is evidence of the fact that such amount is due and owing, not only as against the principal, but as against his sureties. The mere fact that at the time this statement was made Kellogg had gone into bankruptcy would not change the rule of law applicable thereto. Furthermore, by the express terms of the contract, "the written acknowledgment of or a judgment of any court against said agent shall in every respect bind and be conclusive against the undersigned," the guarantor. If it had been the desire

of appellant to not be bound by the written acknowledgment of the agent in case the latter became a bankrupt, he should have had the provision or exception in the contract. There being no exception we are not authorized to make one. The admission must be given the same force as though the petition in bankruptcy had not been filed.

Finding no reversible error the judgment will be affirmed.                    *Judgment affirmed.*