**Fort Dearborn National Bank, Defendant in Error, v. A. W. Miller, Plaintiff in Error.**

### Gen. No. 17,199.

1. MUNICIPAL COURT—*affidavit of merits.* Where defendant's affidavit of merits is stricken more than a month before the trial and an amended affidavit is not filed in ten days as ordered, it is within the court's discretion under the court rules to deny an application to file an amended affidavit at the trial.

2. MUNICIPAL COURT—*default.* In the municipal court, where defendant's affidavit of merits was stricken more than a month before trial, no amended affidavit was filed within ten days as ordered and permission to file an affidavit offered at the trial was denied, defendant is in default and cannot legally offer evidence upon any matter of defense requiring special pleadings.

3. GUARANTY—*what defenses must be pleaded.* In an action on a continuing collateral guaranty, the fact that no action was brought

against the original debtor and that no notice of his default was given, if a defense at all, is a defense which must be specially pleaded.

4. GUARANTY—*defense of lack of notice.* In an action against a guarantor, where the defense is that no action was brought against the principal debtor and no notice of default was given, the plea and proof must declare and show loss or damage from lack of notice.

5. GUARANTY—*notice of default of principal debtor.* Where a guarantor who signed a collateral guaranty in behalf of a certain company was an officer of the company, he is chargeable with notice of the failure of the company to pay notes which he signed and which were given for money loaned in reliance on the guaranty.

6. GUARANTY—*legal action against principal debtor not necessary.* A person who lends money as authorized by a continuing guaranty is not bound to institute legal proceedings against the principal debtor before bringing action against the guarantor, and such person has a right in good faith to discontinue any action begun.

7. GUARANTY—*presumption of good faith when action against principal debtor discontinued.* In an action against a guarantor, good faith in discontinuing any action begun against the principal debtor is presumed until rebutted.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed March 26, 1913.

NICOLAS J. PRITZKER, for plaintiff in error.

RINGER, WILHARTZ & LOUER, for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

On July 11, 1910, Fort Dearborn National Bank sued A. W. Miller on a written guaranty signed by Frank A. Niblock, F. O. Bruske and A. W. Miller, addressed to said bank and dated March 19, 1908, and in the words following, to wit:

"The undersigned, being interested in the business success of Northern Ice Co., and desiring to assist it in obtaining credit with you and money from you, hereby request and authorize you to extend or advance to the said Northern Ice Co. such credit, accommodation and money as it may from time to time request or

make application for, and in case you shall at any time purchase of or discount for said Northern Ice Co. any note or notes, bill or bills, or advance to it any money in any manner or upon any account, we do hereby promise and agree to pay the same, and do hereby guarantee full payment to you at maturity of any such note or notes, bill or bills, purchased or discounted by you as aforesaid, together with any sum or sums of money obtained by the said Northern Ice Co. from you in any wise, together with the interest thereon. And we hereby consent to any extension or extensions of payment or other accommodations you may make to said Northern Ice Co. And we do hereby waive any notice of the acceptance of this guaranty or the obtaining of any money by it from you and of any extension of time for payment which you may make at your discretion; Provided, however, that we shall not be called upon to pay by virtue hereof more than Seven Thousand Dollars in the aggregate.''

A trial by jury was had and at the close of all the evidence the court directed a verdict and entered judgment for $5,500 in favor of the bank. Mr. Miller prosecutes this writ of error.

The facts upon which the verdict and judgment were entered are that, relying upon said guaranty, defendant in error loaned the Northern Ice Company the sum of $6,500, evidenced by three notes at $2,500, $3,000 and $1,000, dated March 19, 1908, March 25, 1908, and May 18, 1908, respectively, all payable ninety days after date and providing for 7% interest from maturity and 5% as attorney fees. The first two notes were signed by the Northern Ice Company and Frank A. Niblock, president, and A. W. Miller, secretary, and the last note by the Northern Ice Company and F. O. Bruske, treasurer. In June, 1909, the ice company having failed to pay the notes, plaintiff in error acknowledged to defendant in error that he owed the notes on said guaranty, and agreed to and did pay $1,000 in cash and agreed to pay the balance $500 per month thereafter, but at the date of this suit he had

only paid altogether $1,500. There was more than $5,500 due defendant in error on the notes as principal, interest and attorney fees on the day of the trial.

An affidavit of merits was filed by plaintiff in error setting forth, in substance, that defendant in error had lost its right to recover against plaintiff in error on said guaranty, because it had negligently failed to sue the Northern Ice Company for a long time, and that there was a change in the financial standing of said ice company from the time that defendant in error might have sued it to what its standing was when this suit was brought, and that defendant in error never did recover, or attempt to recover, judgment against the ice company. The foregoing affidavit of merits being stricken from the record for insufficiency more than a month before the trial, on the trial another affidavit of merits was offered setting up the same matter, and also a further matter of defense that defendant in error sued the ice company in attachment and without notice to plaintiff in error and without his consent released the attachment, and had judgment theretofore entered in said suit vacated. The court refused to allow said affidavit to be filed, and the trial proceeded without any further affidavit of merits being filed by plaintiff in error. Plaintiff in error offered evidence tending to support the defense outlined in his second affidavit of merits, but the court excluded the evidence on objections thereto by defendant in error.

The rules of the Municipal Court provide that in this class of actions the affidavit of merits shall be filed in lieu of pleas now provided for in the Municipal Court Act and within the time allowed for such pleas, and that in case the defendant fails to file such affidavit within the time allowed by the court that plaintiff shall be entitled to a judgment by default upon the plaintiff's affidavit of claim, or upon such further evidence as the court may require. The court had ruled

plaintiff in error to file an amended affidavit of merits within ten days after the first affidavit of merits had been declared insufficient, and plaintiff in error was clearly in default in that regard at the time his second affidavit of merits was presented for filing. It was within the discretion of the court to allow or deny the application to file the affidavit of merits on the trial, and the court would have been justified in denying such application had the affidavit stated a good defense. No complaint is here made against that ruling. The action of the trial court in matters within its discretion will not be disturbed on appeal, unless such discretion has been abused. Anderson Transfer Co. v. Fuller, 174 Ill. 221.

Plaintiff in error was clearly in default for want of a plea or affidavit of merits, and was not in a position to legally offer any evidence upon any matter of defense requiring special pleadings by him. In a suit on a collateral continuing guaranty, such as was sued on in this case, a *prima facie* case is made when the plaintiff makes proof of the indebtedness and the guaranty, and the fact that no suit was brought against the original debtor and that no notice was given to the guarantor of the default of the principal debtor, if a defense at all, is such a defense as must be specially pleaded by the guarantor. The plea and the proof must also further declare and show that the guarantor sustained a loss or damage resulting from a failure of the creditor to give him such notice. Taussig v. Reid, 145 Ill. 488; Swisher v. Deering, 204 Ill. 203; Mamerow v. National Lead Co., 206 Ill. 626; Heaton v. Hulbert, 4 Ill. (3 Scam.) 489.

The affidavit of merits and the proof offered did not charge and prove or tend to prove that plaintiff in error suffered loss by reason of the failure of the defendant in error to give notice of the default, or to proceed with the suit and judgment in the attachment case. The proof offered tends to show that on the day the suit in attachment was brought the ice company

made a general assignment for the benefit of creditors. Perhaps, for this very reason, the attachment was released and the judgment vacated. At any rate, it was not averred or proved that any lien was secured by the attachment or that the judgment would have placed the bank upon any better footing than any other creditor of the ice company. It also appears from the evidence that plaintiff in error was an officer of the ice company, its secretary, and signed two of the notes as secretary. He certainly was in a position to know all about the financial condition of the ice company, and ought to be chargeable with such notice. Mamerow v. National Lead Co., *supra.*

The defendant in error was not bound to institute any legal proceedings against the ice company, and it had a right to discontinue any suit begun by it, if it did so in good faith. Taussig v. Reid, *supra;* Bank of Montpelier v. Dixon, 4 Vt. 587. Good faith and fair dealing will be presumed until the contrary is shown.

The judgment of the lower court is clearly right and it is affirmed.

*Judgment affirmed.*