The Heberling Med. & Ex. Co. v. Smith et al., 201 Ill. App. 126.

the complainant to a bill for a temporary injunction enjoining the prosecution of such suit is not ground for the granting of the injunction, where the complainant states in his bill that he had a good defense to such action.

2. INJUNCTION, § 15*—*when pendency of suit at law not ground for granting of temporary injunction.* The pendency of a suit at law by the complainant to a bill for a temporary injunction enjoining the prosecuting of such suit is not ground for the granting of the injunction, as such suit is under the control of complainant.

---

### The Heberling Medicine & Extract Company, Appellant, v. S. Owen Smith and William E. Alderson, Appellees.

1. GUARANTY, § 17*—*when guarantors entitled to notice of default of principal debtor.* Where a guaranty is a collateral, continuing one, the guarantors are entitled to a reasonable notice of the default of the principal debtor unless they expressly or impliedly waive notice, or unless the circumstances are such that they are not prejudiced for want thereof.

2. GUARANTY, § 17*—*when notice of default sufficient.* Where a contract of guaranty contains no provision for notice of default by the debtor it is sufficient if a notice of default be given within a reasonable time after such default.

3. GUARANTY, § 17*—*when notice of default unnecessary.* A creditor is not required to give notice of default by the debtor to the guarantors where the guarantors have notice from an independent source.

4. GUARANTY, § 17*—*when failure to give notice of default within reasonable time after default not absolute defense.* The failure of a creditor to give notice to a guarantor of default of the debtor within a reasonable time after such default is not an absolute defense to the action, but can only be availed of to the extent that the guarantor may have sustained loss or damage as the result of such failure to notify.

5. GUARANTY, § 17*—*what is reasonable time in which to give guarantor notice of default of debtor.* What is a reasonable time in which to give notice to a guarantor of default of the debtor depends upon the circumstances of each case.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

6. GUARANTY, § 34*—*when burden of proof on guarantor.* Where a guarantor seeks to relieve himself from liability upon the ground that notice of the default was not given him within a reasonable time, the burden rests upon him to show the failure to give the notice, and the consequent injury by the loss of the whole or part of the debt for which he stood as surety.

7. GUARANTY, § 9*—*how contract of construed.* A contract of guaranty should be strictly construed in regard to the subject-matter of the guaranty, and in this respect the guarantor is bound only under the circumstances pointed out in the guaranty and no further, and his liability cannot be extended by implication, but in all other respects the contract is to be construed as favorable to the creditor as other written contracts.

8. GUARANTY, § 21*—*when not avoided by extension of time to debtor.* Where a contract for credit between a wholesaler and retailer of goods provides that the latter shall remit one-half of his receipts from his business each week until his account is balanced, but it has no period of limitation and is to continue during the satisfaction of both parties, and a continuing contract of guaranty provides that any extension shall not release the guarantors from liability, such contracts must be construed as authorizing such extension of time by the creditor to the debtor to make payments as the former sees fit without avoiding the contract of guaranty.

Appeal from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1915. Reversed. Opinion filed April 21, 1916.

JAMES B. SEARCY and CHARLES H. WOODS, for appellant.

EDWARD C. KNOTTS and PEEBLES & PEEBLES, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

On March 27, 1909, one W. C. Hagler, of Carlinville, Illinois, entered into a written contract with appellant for the purchase on credit at wholesale prices of medicines and other extracts manufactured by the latter. By the terms of the contract Hagler agreed to pay for all goods purchased thereunder an amount equal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to one-half the receipts from his business each week, and to submit to appellant weekly reports of his business, provided, however, if he paid his account in full by the 10th day of each month he was to be allowed a discount of five per cent.; upon termination of the contract by either party, he agreed to settle in cash within a reasonable time the balance due appellant on account; appellant agreed to fill his reasonable orders provided his account was in satisfactory condition; the contract was subject to acceptance and was to continue in force so long as Hagler's account and the amount of his purchases were satisfactory to it, provided, however, that said Hagler or his guarantors might be released from the contract at any time by paying in cash for balance due appellant on account.

To this contract was attached the following contract of guaranty which was signed by appellees: "In consideration of The Heberling Medicine & Extract Company extending credit to the above named person we hereby guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him, waiving acceptance and all notice, and agree that any extension of time or change of territory shall not release us from liability thereon." Below the signatures of appellees were the following words: "The above guarantors are entitled at any time upon request to a statement of account."

The suit is brought to recover upon this contract of guaranty the sum of $401.87, the amount Hagler was in default on his account with appellant. Appellees filed two special pleas, the first of which avers that appellant never gave them notice of Hagler's default, and the second, that appellant did not give notice of Hagler's default prior to the termination of the contract. A demurrer to these pleas was overruled and appellant elected to reply thereto and filed replications presenting the issues, first, that notice of said default was given to appellees within a reasonable time thereafter; sec-

ond, that no damage resulted to appellees by failure to receive such notice; and third, that appellees in and by their contract of guaranty expressly waived such notice. To these replications appellees filed rejoinders putting themselves upon the country. Under these pleadings the cause was tried before the court without a jury, who rendered judgment in favor of appellees. No question is raised in this court in regard to the pleadings, and the case will be considered upon the contentions as submitted by the parties in their briefs.

The guaranty in this case is a collateral, continuing one, and the guarantors were entitled to a reasonable notice of the default of the principal debtor unless they had expressly or impliedly waived such notice, or unless the circumstances were such that they were not prejudiced for want thereof. *Mamerow v. National Lead Co.*, 206 Ill. 626; *Taussig v. Reid*, 145 Ill. 488. The undisputed proofs show that Hagler discontinued purchasing goods from appellant August 28, 1911; that the contract between him and appellant terminated at that time, and on this date he was owing appellant $401.87. The proofs further show that on September 1, 1911, Hagler informed appellee Smith that he was in default in his payments to appellant and was unable to pay the balance, was out of business and had no money. Appellee Alderson testified that Hagler notified him of the same facts, in substance, some time in September, but could not remember the exact date. On October 11, 1911, appellant notified both appellees in writing of the default. It is contended by appellant that the words in the guaranty in the phrase "waiving acceptance and all notice," mean a waiver of notice of default, while appellees contended that they mean only a waiver of notice of acceptance. If it be conceded that the latter construction of these words is the correct one, it is unavailing as a defense to this suit, for the reason that appellees had notice of the default within a reasonable time thereafter. If the notice of

October 11th should not be held to have been given within a reasonable time, appellees had notice of the default within four days thereof from the debtor himself, and a creditor is not required to give notice of default to a guarantor where the guarantor has notice from an independent source, as the law does not require a useless act. *Mamerow v. National Lead Co., supra.* Furthermore, the failure to give such notice to a guarantor is not an absolute defense to the action, but can only be availed of to the extent that the guarantor may have sustained loss or damage as the result of such failure to notify. *Taussig v. Reid, supra; Mamerow v. National Lead Co., supra; Swisher v. Deering,* 204 Ill. 203.

What is a reasonable time in which to give such notice must depend upon the circumstances in each particular case. *Taussig v. Reid, supra.* If a guarantor seeks to relieve himself from liability upon the ground that notice of the default was not given him within a reasonable time, the burden rests upon him to show the failure to give the notice, and the consequent injury by the loss of the whole or part of the debt for which he stood as surety. *Mamerow v. National Lead Co., supra.* No evidence whatever was offered by appellees showing that they were in any way injured or suffered any loss by failure to receive an earlier notice of default.

It is urged by appellees, however, that a contract of guaranty should receive a strict construction, and that as the contract between appellant and Hagler provided that the latter should remit one-half of his receipts from his business each week until his account was balanced, it was the duty of appellant to notify them of the default of Hagler every time he failed to make such weekly remittance. The contract of guaranty in this case will not bear such a construction. A contract of guaranty will receive strict construction in regard to the subject-matter embraced in the guaranty, and

in this respect the undertaking of a guarantor is to be considered strictly and he is bound to the extent and in the manner and under the circumstances pointed out in his obligation and no further, and his liability is not to be extended by implication. *John A. Tolman Co. v. Rice,* 164 Ill. 255; *Phoenix Mfg. Co. v. Bogardus,* 231 Ill. 528. But in the construction of the contract in all other respects it is to be considered as favorable to the creditor as other written contracts. *Taussig v. Reid, supra; Swisher v. Deering, supra.* In the contract in this case, appellees agree that any extension of time shall not release them from liability thereon. The contract between Hagler and appellant had no period of limitation, but was to continue during the satisfaction of both parties, consequently, the clause in regard to any extension of time could refer only to the extension of time for making payments. Considering both contracts together, no other reasonable construction could be applied thereto, and appellant had the right to extend time to Hagler in which to make his payments if it so saw fit without such action on its part avoiding the contract of guaranty.

We fail to see how appellees have made any defense whatever to this action, and as the case was tried before the court without a jury, the judgment of the Circuit Court is reversed and judgment is entered in this court in favor of appellant and against appellees in the sum of $401.87 and costs.

*Reversed.*