I do not agree that the failure to give notice to the guarantor of the debtor's default bars the creditor's claim.
While the general rule is that the guarantor is entitled to such notice where the guarantee is conditional or continuing, there are several qualifications to that rule.
Notice is not necessary to charge the guarantor when the principal is insolvent, because the guarantor has sustained no injury from want of notice. Walker v. T. G.Forbes, 25 Ala. 139 (1854). "If [the guarantor] has sustained an injury for want of such notice, he is released to the extent of that injury." Walker, supra. In this case, the principal was in bankruptcy at the time of trial, but it is unclear if it was in bankruptcy at the time suit was filed.
The rule requiring damages from the failure to give notice applies to all situations, not just those in which the principal is insolvent.
 "Although there is authority to the contrary, it is generally held that a failure to give notice of the principal's default, or negligence in giving such notice, in a case where the guarantor is entitled to notice, does not of itself discharge him from liability and bar a recovery on the guaranty; but there must be not only a want of notice within a reasonable time, but also some actual loss or damage thereby caused to the guarantor, and if such loss or damage does not go to the whole amount of the claim, but is only in part, the guarantor is discharged only pro tanto."
38 C.J.S. Guaranty § 63 (1943).
 "In a suit brought on a collateral or continuing guarantee, such as the one sued on in this case, a prima facie case is made when the plaintiff enters proof of the original indebtedness, the debtor's default and the guarantee. (Fort Dearborn National Bank v. Miller (1913), 178 Ill. App. 450.) While the general rule is that a guarantor is entitled to reasonable notice of the default of the principal debtor, the right to this notice is not absolute. (Mamerow v. National Lead Co. (1903), 206 Ill. 626, 69 N.E. 504; Swisher v. Deering (1903), 204 Ill. 203, 68 N.E. 517.) Failure to notify a guarantor of the debtor's default has no other effect than to afford him a defense to the extent of the loss or damage sustained as a result of such failure. (204 Ill. 203, 68 N.E. 517.) This defense must be specially pleaded by the guarantor and the plea and proof must also declare and show that the guarantor sustained a loss or damage resulting from the lack of notice. (Fort Dearborn National Bank v. Miller (1913), 178 Ill. App. 450.) A creditor is not required to give a notice of default to a guarantor where the guarantor has notice from an independent source. (Herberling Medicine Extract Co. v. Smith (1916), 201 Ill. App. 126.) It also has been held that when directors, stockholders or officers of a corporation that are in a position to know the financial condition of their company act as guarantors of a corporate debt, they are chargeable with notice of the corporation's default and additional notice from the creditor is unnecessary. Mamerow v. National Lead Co. (1903), 206 Ill. 626, 69 N.E. 504; Fort Dearborn National Bank v. Miller
(1913), 178 Ill. App. 450."
Mid-City Industrial Supply Co. v. Horwitz,132 Ill. App.3d 476, 483, 87 Ill.Dec. 279, 285, 476 N.E.2d 1271,1277 (1985).
Cahuzac v. Samini, 29 Ala. 288 (1886), andLawson v. Townes, 2 Ala. 373 (1841), did say that common law pleading required that the giving of notice be alleged because notice was necessary to "fix liability." However, if the principal was not solvent, notice would not be required to fix liability and therefore need not be pleaded. In addition, because Alabama law and the majority view is that failure to give notice of default bars recovery only to the extent that the guarantor was damaged, it would seem that the more appropriate rule is that stated inHorwitz requiring that the lack of notice be pleaded as a defense by the guarantor.
No question regarding the existence or non-existence of notice or of any damage flowing from the non-existence was raised *Page 981 
in the pleadings or in the evidence. Therefore, the lack of notice does not bar recovery.