GEORGE MAMEROW

*v.*

THE NATIONAL LEAD COMPANY.

*Opinion filed December 16, 1903—Rehearing denied February 3, 1904.*

1. GUARANTY—*when guaranty is not limited to present indebtedness.* A contract of guaranty, executed by directors and stockholders of a corporation, which recites that the parties desire the obligee to "continue to sell goods" to the corporation and purports to guarantee payment, upon demand, of all moneys, debts and demands "now due or which may hereafter become due" from the corporation to the obligee, is not limited to the indebtedness then existing.

2. SAME—*when guaranty covers sales on credit.* A contract executed by directors and stockholders of a corporation, guaranteeing payment, "upon demand, of all moneys, debts, obligations and demands, of whatever nature or character, now due or which may hereafter become due" from such corporation to one selling goods to it, covers sales thereafter made to the corporation on credit.

3. SAME—*the time and amount of guaranty must be reasonable where guaranty is a continuing one.* If a guaranty is a continuing one, unlimited as to the amount and period of time for which the guarantor will be liable, such time and amount must be reasonable under the circumstances of the particular case.

4. SAME—*right of guarantor to revoke continuing guaranty.* A guaranty executed to guarantee an indebtedness on open account and to induce the creditor to continue to sell goods to the debtor, which guarantees payment of all debts "now due or which may hereafter become due," may be revoked upon notice to the creditor, and in such case the guarantor's liability will only cover the indebtedness which existed previous to the notice.

5. SAME—*right of guarantor to notice of principal's default.* A guarantor in a continuing contract of guaranty is entitled to reasonable notice of the principal debtor's default in payment, but failure of the obligee to give such notice can only be availed of to the extent of actual loss or damage to guarantor resulting therefrom.

6. SAME—*when notice to guarantor of principal's default is unnecessary.* Notice from the obligee to the guarantor of his principal's default in payment is unnecessary where the guarantor has notice from an independent source, or where it is his duty, under the law, to take notice.

7. SAME—*when guarantors are chargeable with notice.* Guarantors of all moneys and obligations which might thereafter become due from a corporation to its creditor in the course of trade are chargeable with notice of the financial condition of the corporation, the

extent of its purchases under the contract and of its default in payment, where such guarantors are directors and stockholders in the corporation.

*Mamerow* v. *National Lead Co.* 98 Ill. App. 460, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is a writ of error to the Appellate Court for the First District to review a judgment of that court affirming a judgment of the superior court of Cook county in a suit brought by defendant in error against plaintiff in error to recover a balance for goods sold by defendant in error to a corporation known as the Berner-Mayer Company upon a written guaranty executed by plaintiff in error and others to defendant in error. The guaranty in question is as follows:

"Agreement made this 19th day of March, 1897, between Herman D. Berner, residing at 2673 Euclid avenue, in the city of Cleveland, Ohio, and Jacob J. Mayer, residing at the Arlington Hotel, in the city of Cleveland, Ohio, and George Mamerow, residing at Irving Park, in the city of Chicago, Illinois, parties of the first part, and the National Lead Company, a corporation of New Jersey, doing business at No. 287 Pearl street, in the city of New York, of the second part:

"*Witnesseth:* Whereas, the Berner-Mayer Company, a corporation organized under the laws of Ohio and doing business in the city of New York and at Cleveland, Ohio, is indebted to the National Lead Company in various sums of money for goods sold and delivered on open account and for other accounts; and whereas, the said National Lead Company has called upon the said the Berner-Mayer Company for security for its indebtedness to said National Lead Company, and has refused to permit the indebtedness of the said the Berner-Mayer Company to increase until the said present indebtedness is amply secured; and whereas, the said parties of the first part are interested in the said the Berner-Mayer Company as stockholders and directors thereof; and desire that the said National Lead Company shall continue to sell goods to the said the Berner-Mayer Company,

and have requested it so to do; and whereas, the parties of the first part have agreed to furnish the said National Lead Company security for all accounts due and to become due from said the Berner-Mayer Company to said National Lead Company:

"Now, therefore, in consideration of the foregoing, and in consideration of the sum of one dollar and other valuable consideration to the parties of the first part in hand paid by the parties of the second part at or before the ensealing and delivering of these presents, the said parties of the first part do jointly and severally, and for their heirs, executors and administrators, guarantee to the said National Lead Company the payment to said National Lead Company, upon demand, of all moneys, debts, obligations and demands, of whatever nature or character, now due or which may hereafter become due from said the Berner-Mayer Company to the said National Lead Company.

"In witness whereof the said parties of the first part have hereunto set their hands and seals this 19th day of March, 1897.

HERMAN D. BERNER,<br>JACOB J. MAYER,<br>GEORGE MAMEROW.

In the presence of R. M. Morley."

To the declaration in assumpsit the plaintiff in error pleaded only the general issue, with an affidavit of merits. The cause was submitted to the court, a jury having been waived, and the issues were found in favor of defendant in error and damages were assessed at $4778.71. The action was for goods sold under the guaranty between the 19th day of March, 1897, and the 9th day of November, 1897.

It appeared from the evidence that the Berner-Mayer Company was an Ohio corporation, with places of business at Cleveland, New York and Brooklyn. The items for which the plaintiff in error was held liable under the guaranty were all sold and delivered to the New York and Brooklyn branches on thirty days' credit. The company made an assignment for the benefit of its creditors December 17, 1897. The questions presented here were raised by holdings offered by the plaintiff in error and refused by the trial court.

BENSON LANDON, for plaintiff in error:

The guaranty does not apply to future purchases, because the words of general liability are limited by the words in the recitals to the present indebtedness, meaning indebtedness that existed when the guaranty was given. *Bell* v. *Bruen*, 1 How. 179; *In re Estate of Holmes*, 79 Ill. App. 59; 179 Ill. 75; *Sanger* v. *Baumberger*, 8 N. W. Rep. 421; *Coryhan* v. *Bigelow*, 54 Pac. Rep. 51; *Marquette* v. *Wilson*, 67 N. W. Rep. 123; *Keith* v. *Finlon Falls School*, 3 Ont. (Can.) 194; Brandt on Suretyship, sec. 166; *Stull* v. *House*, 62 Ill. 52.

Also, because the words "now due or which may hereafter become due," as used in the guaranty, refer to debts in existence at the time the guaranty was made and then due or thereafter to become due, and do not apply to or include debts for goods sold after the guaranty was made. Anderson's Law Dic. 385; *Thomas* v. *Gibbons*, 61 Iowa, 50; *Pierce* v. *Devlin*, 22 N. Y. Sup. 208; *Barnum* v. *Hempstead*, 7 Paige, 568; *VanHook* v. *Walton*, 28 Tex. 59.

A guaranty will not be construed as a continuing guaranty unless its language clearly indicates that such was the intention of the parties. *Birdsall* v. *Heacock*, 32 Ohio St. 177; *Cremer* v. *Higginson*, 1 Mason, 323; *Gold* v. *Stevens*, 12 Mich. 292; *Mellville* v. *Hayden*, 3 B. & A. 593; *White* v. *Reid*, 15 Conn. 457; *Whitney* v. *Groot*, 24 Wend. 82; *Webb* v. *Dickinson*, 11 id. 62; *Aldrich* v. *Higgins*, 16 S. & R. 213; *Anderson* v. *Blakely*, 2 W. & S. 237; *TenEyck* v. *Vanderpool*, 8 Johns. 120.

Where a guaranty is without limitation as to time or amount it will not be construed as a continuing guaranty unless its language, in express terms or by clear implication, requires such construction. Brandt on Suretyship, (1st ed.) sec. 137; *Gard* v. *Stephens*, 12 Mich. 292; *Rogin* v. *Warner*, 8 Johns. 119; *Britton Dry Goods Co.* v. *Yearout*, 54 Pac. Rep. 1062; *Whitney* v. *Groot*, 24 Wend. 84; *Reid* v. *Fish*, 59 N. C. 358; *Anderson* v. *Blakely*, 2 W. & S. 237; *Baker* v. *Rand*, 13 Barb. 152.

The guaranty in the case at bar does not apply to liability for goods sold in the future on thirty days' credit. *Miller* v. *Stewart,* 9 Wheat. 680; *Shreffler* v. *Nadelhoffer,* 133 Ill. 536; 2 Hare & Wallace's Am. Lead. Cases, 141, note; *Hunt* v. *Smith,* 17 Wend. 179; *Page* v. *Krekey,* 137 N. Y. 302; *Birkhead* v. *George,* 5 Hill, 634.

If the guaranty in this case is construed to apply to future sales of an uncertain amount, then, by reason of such construction, it is a collateral conditional guaranty of payment, and not an absolute guaranty of payment. *Taussig* v. *Reid,* 145 Ill. 488.

In order to render a guarantor liable, under a collateral conditional guaranty, for goods thereafter sold, reasonable notice of the default of payment on the part of the principal debtor must be given to the guarantor, or facts and circumstances shown which would indicate that such notice would result in no benefit to the guarantor. *Taussig* v. *Reid,* 145 Ill. 488; *Green* v. *Dodge,* 2 Ohio, 431; *Lewis* v. *Brewster,* 2 McLain, 21; *Clay* v. *Edgritom,* 19 Ohio St. 549; *Peck* v. *Frink,* 10 Iowa, 193; *Sylvester* v. *Downes,* 18 Vt. 32; *Clark* v. *Remington,* 11 Metc. 361; *McCullom* v. *Custling,* 22 Ark. 640; *Breed* v. *Gilhouse,* 7 Cow. 523; *Williams* v. *Slaten,* 5 S. & M. 347; *Howe* v. *Nichols,* 22 Me. 175; *Douglass* v. *Reynolds,* 7 Pet. 113; *McDougal* v. *Calif,* 35 N. H. 534; *Mayberry* v. *Banitom,* 44 Har. 24; *Moakley* v. *Riggs,* 19 Johns. 69.

TENNEY, MCCONNELL, COFFEEN & HARDING, for defendant in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

Plaintiff in error's contention is, that the superior and Appellate Courts erred in construing the guaranty to cover purchases made by the Berner-Mayer Company after March 19, 1897,—the date of the guaranty. This question was raised by a holding presented to the court and refused, to the effect that the guaranty only covered all indebtedness existing at the time of its date. This

contention, we think, is without merit. The preamble of the instrument recites that the parties to the guaranty "desire that the said National Lead Company shall continue to sell goods to the said Berner-Mayer Company, and have requested it so to do," and the language of the guaranty itself purports to cover all debts, of whatever nature or character, "now due or which may hereafter become due from said Berner-Mayer Company to the said National Lead Company." As was said by the Appellate Court: "Looking at the instrument as a whole, it is certainly open to the construction that it was intended to cover debts not only due but which might become due thereafter, in pursuance of the express wish of the guarantors that the lead company should continue to sell goods to the Berner-Mayer Company. It cannot fairly be said that the recitals limit the guaranty to said present indebtedness, as counsel contends."

It is next urged that the guaranty in question does not apply to or cover sales made by the defendant in error to the Berner-Mayer Company upon thirty days' credit, and that as the entire demand is for goods so sold, the defendant in error ought not to recover on the guaranty. This question was raised in the trial court by plaintiff in error requesting the court to hold, as a matter of law, that plaintiff in error was not liable to defendant in error "for goods sold and delivered by said National Lead Company to the Berner-Mayer Company upon thirty days' credit." This holding the court refused. In support of this contention plaintiff in error cites *Miller* v. *Stewart*, 9 Wheat. 680, *Shreffler* v. *Nadelhoffer*, 133 Ill. 536, and other cases, wherein the propositions are announced and held that the "liability of a surety is not to be extended by implication beyond the terms of the contract," and that the surety or guarantor will not be held answerable unless the contract is strictly pursued. We are unable to see how this court is aided or plaintiff in error benefited by the rules here invoked.

They can only be applied when it is determined what is
the legal effect of the guaranty in question, or, in other
words, the scope of the undertaking of the guarantors.
The contract must be construed by and from its own
terms and provisions, as far as they furnish a guide,
and in aid thereof the circumstances of the making of
the contract may be taken into consideration. By the
express words of the contract the makers guarantee the
"payment, upon demand, of all moneys, debts, obliga-
tions and demands, of whatever nature or character, now
due or which may hereafter become due from the Berner-
Mayer Company." The language is broad, and if given
the interpretation it would usually import, must be held
to cover not only the indebtedness existing at the time
of .the execution of the guaranty and might then be due
or might thereafter become due, but also such indebted-
ness as might, in due course of trade, thereafter be cre-
ated and become due. If a guaranty is clear in its terms
it must be interpreted and construed according to the
language used; "that is to say, the parties must be pre-
sumed to have meant that which their language clearly
imports. It is not what one of the parties may have in-
tended, but what is shown by the contract to have been
the intention of both parties." *Peoria Savings, Loan and
Trust Co.* v. *Elder,* 165 Ill. 55.

Upon examination of the contract in question it ap-
pears, from its recitals, that defendant in error had sold
and delivered goods to the Berner-Mayer Company on
open account, and that the latter owed the defendant in
error for goods so sold and for other accounts. It also
appears that the guarantors were "interested in the said
Berner-Mayer Company, as stockholders and directors
thereof;" that defendant in error had refused to permit
the indebtedness of the Berner-Mayer Company to in-
crease until the present indebtedness was amply secured;
that the guarantors desired that the defendant in error
should continue to sell goods to the said Berner-Mayer

Company, and so requested; that the guarantors agreed
to furnish to defendant in error security of all accounts,
*"due and to become due."* From these recitals it is evident
that plaintiff in error and his co-guarantors knew, not
only that defendant in error had been selling the Berner-
Mayer Company goods upon open account, but that these
accounts so existing comprised both classes of debts,—
that is, those that were due and those that were not due
but were to become due.   Furthermore, as directors of
the Berner-Mayer Company it was the duty of the guar-
antors to have knowledge of its affairs and the nature,
extent and character of its indebtedness, and the recitals
of their undertaking tend most strongly to show that
they did know.   They desired defendant in error to con-
tinue to extend credit to the Berner-Mayer Company,
and agreed that they would, on demand, pay defendant
in error all moneys, debts, obligations and demands, of
whatever nature or character, then due or that might
thereafter become due.   Their guaranty was not, by such
language, limited to sales on open account that should
be payable by the Berner-Mayer Company upon demand
of defendant in error, but "moneys, debts, obligations
and demands, of whatever nature or character;" nor such
debts or obligations, only, as defendant in error could
any moment demand and thereby make due, but the
guarantors would, on demand, pay the debts, obligations
and demands due and thereafter to become due.   The
general, and we may say the sole, object of the guaran-
tors was to obtain from defendant in error the further
continuation of sales to the Berner-Mayer Company on
time.   Defendant in error needed no guaranty if it was
to sell for cash, and the use of the words "obligations
and demands, of whatever nature or character," in con-
junction with the words "all moneys, debts," would seem
useless and meaningless unless the parties contemplated
that the goods to be sold on credit would be upon the
usual terms of credit, or that notes or other evidences

of the indebtedness arising from such sales might be taken by defendant in error, otherwise "all moneys and debts" would have, according to plaintiff in error's contention, been descriptive of the full extent of their undertaking of payment.

Counsel for plaintiff in error says that the guarantors should have had the right to go to defendant in error at any time and require defendant in error to demand payment, and if not paid by the Berner-Mayer Company the guarantors should have had the right to pay at once and be subrogated.    They might have had that right if they had so contracted, but we are unable to construe the contract before us as so providing or intending.  ·

It is said in support of this contention, that if this contract is held to be a continuing guaranty and to be applicable to sales upon thirty days' credit, then, in law, there is no protection to the guarantor, and that defendant in error might as well have sold on ten or thirty years' time as upon thirty days' time.    This contention is not sound.    We think the greater weight of authority is agreed that where the guaranty is a continuing one, and is unlimited as to duration and amount for which the guarantor will be liable, such time and amount must be reasonable, under the circumstances of the particular case.  (*Lehigh Coal Co.* v. *Scallen*, 61 Minn. 163; 14 Am. & Eng. Ency. of Law,—2d ed.—1140.)    The guarantors could have limited their undertaking both as to time and amount had they seen fit to do so, but from a reading of the guaranty it would seem that their desire and intention were that both should be unlimited.

Nor were the guarantors without reasonable protection against the acts of the Berner-Mayer Company under the contract as it is construed by us.    As to all the indebtedness created after the execution of the guaranty the undertaking was collateral and continuing, and could be revoked or withdrawn at any time thereafter upon notice to defendant in error, and the guarantors' liabil-

ity would, in such case, only cover the sales made pursuant to it and before the notice. (14 Am. & Eng. Ency. of Law,—2d ed.—1160, and authorities cited.)

The case of *Hunt* v. *Smith*, 17 Wend. 179, is mainly relied on by plaintiff in error in support of his contention. We have examined that case and do not think it applicable to the guaranty before us. In the case cited the guaranty was an express undertaking to pay for goods that might be furnished a proposed purchaser to the amount of $70, and concluded with the expression, "and I will be responsible to you for that sum." Goods were sold, relying on that guaranty, on thirty days' credit, and the court held that the guaranty did not cover such sales. A marked difference will be found between the guaranty there and the one at bar. In *Hunt* v. *Smith* there was a direct and absolute undertaking to pay to the amount in the guaranty, and the guaranty was an accommodation one, in which the guarantor had no show of interest, while in the case at bar the guarantors, as shown by the recitals in the instrument of guaranty, were in fact, though not in law, the persons to whom and for whose benefit the sales were to be made. They were both directors and stockholders of the Berner-Mayer Company, and were making a personal, strenuous effort and extending their personal credit in their endeavor to carry the failing business of the Berner-Mayer Company. Its credit was then impugned and impaired, and they were vitally interested in maintaining and continuing the credit, and, as it seems to us, the whole consideration to the guarantors was that defendant in error should sell to the Berner-Mayer Company on credit.

Plaintiff in error contends that he was entitled to timely notice of the default of the Berner-Mayer Company, and that as notice was not given for about a year and a half after the failure and assignment of said company, he is released. Plaintiff in error offered a holding that it was the duty of defendant in error to give him

"notice of the default of the Berner-Mayer Company within a reasonable time," and also offered another holding to the effect that although plaintiff in error was a stockholder and director of the Berner-Mayer Company, such fact would not relieve defendant in error from its duty to give timely notice of the default; and further asked the court to hold that the burden of proof was upon the defendant in error to show that it had given notice of default within a reasonable time. The court refused these holdings.

The general rule undoubtedly is, that where the guaranty, as here, is a collateral, continuing one, the guarantor is entitled to reasonable notice of the default of the principal debtor. (*Taussig* v. *Reid*, 145 Ill. 488.) The purpose of this notice is to enable the guarantor, if he elects to pay the guaranty and at once proceed against the principal debtor, to re-imburse himself for the moneys thus paid. The right to this notice is not an absolute right, however, in the sense that the failure to give it will, in all cases and under all circumstances, release the guarantor, but it is a relative right, and the failure to give it can only be availed of when it is made to appear that the guarantor has suffered loss by such failure. (*Taussig* v. *Reid, supra.*) If at the time of the default of the principal debtor the latter is insolvent, so that the creditor cannot collect his debt or any part thereof, the failure to give notice of the default can work no injury to him, and therefore such failure would be no defense. There must not only be a want of notice within a reasonable time, but also some actual loss or damage thereby caused to the guarantor, and if such loss or damage does not go to the whole amount of the claim, but is only to a part, the guarantor is not wholly discharged, but only *pro tanto*. Before a guarantor can be discharged by the failure of the creditor to give notice, it is incumbent upon the guarantor to show that he is prejudiced by such failure. (*Rhett* v. *Poe*, 2 How. 457; 14 Am. & Eng.

Ency. of Law,—2d ed.—1152.) Such being the rule, it would seem that the question of notice or want of notice is a matter of defense. The guarantee has made a case by showing a guaranty broad enough to cover the transaction, and a sale or sales in compliance with and in reliance upon the guaranty and the default of the principal, and if the guarantor seeks to relieve himself from the liability, and upon the ground that notice of the default was not given him within a reasonable time, the burden rests upon him to show the failure to give the notice, and the consequent injury by the loss of the whole or a part of the debt for which he stood as surety. *Furst & Bradley Manf. Co.* v. *Black*, 111 Ind. 308; *Rhett* v. *Poe, supra; Voltz* v. *Harris*, 40 Ill. 155; *Farmers' and Merchants' Bank* v. *Kercheval*, 2 Mich. 505.

In *Furst & Bradley Manf. Co.* v. *Black, supra*, the court say: "The failure to give notice, and the resulting damages, were, however, matter of defense." In the case at bar evidence was offered by plaintiff in error for the purpose of showing failure to give notice of default and consequent injury. The evidence was objected to and the objection sustained.

The entire offer as made by plaintiff in error was, that he had no notice until December, 1898, that credit had been extended by defendant in error to the Berner-Mayer Company subsequent to the date of the guaranty sued on, and had no notice of the default of the Berner-Mayer Company until the same date; that the Berner-Mayer Company was in possession of a large amount of goods, and continued to do business in Chicago, New York and Brooklyn until December 17, 1897, and was in possession of enough goods during all the time that intervened from the making of the guaranty until December 17, 1897,— the date upon which it made an assignment,—to have satisfied the claim of defendant in error.

A creditor is not required to give notice of default to a guarantor where the guarantor has notice from an in-

dependent source, or where it is his duty, under the law, to take notice, or, in other words, where, in law, he is chargeable with notice. The law does not require a useless act. In the case at bar the guarantors, by their written guaranty, styled themselves as both directors and stockholders of the Berner-Mayer Company. As directors it was their duty to know the liability and financial condition of the company, and from the recitals in the guaranty they did know, at the time the guaranty was made, that the company was in debt to defendant in error to such an extent, and its financial condition and character had then become such, that defendant in error would not extend it further credit without the guaranty in question. In *Rhett* v. *Poe, supra,* in discussing a similar question to the one here presented, it is said (p. 483): "If the drawer of the bill was in truth the partner of the acceptor, either generally or in the single adventure in which the bill made a part, in that event notice of dishonor of the bill by the holder to the drawer need not have been given. The knowledge of one partner was the knowledge of the other, and notice to one notice to the other." Mr. Thompson, in his work on Corporations, in speaking of the duties of directors of corporations, uses the following language: "It is a sound view, at least in so far as the question respects the rights of third parties, that the directors of a corporation are in law conclusively presumed to know its condition, its business, its receipts and expenditures, and all the general facts which go to make up that condition and business, as shown by the entries on its regular books. The reason of this is, that it is their duty to know these things in the exercise of their official functions. This doctrine is said to be one founded in public policy, essential to the safety of third persons in their dealings with corporations, and to the protection of stockholders interested in the welfare and safe management of corporations." (4 Thompson on Corporations, p. 4024.) To the same

effect is the case of *United Society of Shakers* v. *Underwood*, 9 Bush. 609; 15 Am. Rep. 731.

We think, under the facts disclosed by the record in this case, that the rule announced by Mr. Thompson, *supra*, is applicable. Plaintiff in error, by his written guaranty, declared himself both a stockholder and a director of the defaulting company. He knew, then, that it was in embarrassed circumstances and that it required the guaranty of the men composing its directorate to enable it to continue its business. It would seem, too, from the express language of the guaranty, that the recitals and undertakings of the guarantors in that instrument were the consideration upon which defendant in error accepted the guaranty and continued the sales under it. The record showing, as we think it does, that the sales made after the guaranty were in the due course of business and within the terms of the guaranty with defendant in error, it is our duty to hold that plaintiff in error was bound to take notice, and will be presumed to have had notice, of the extent of the purchases made by the Berner-Mayer Company under the guaranty, and of its default in payment.

In this view of the case, the refusal of the court to admit the evidence offered, if error at all, was harmless. The record shows that the last item of defendant in error's account did not become due until December 9, 1897, and on the 17th of the same month,—eight days after the default,—the Berner-Mayer Company made an assignment for the benefit of its creditors and less than nine per cent of its indebtedness was realized from its assets. The duty of defendant in error to make demand of payment and give notice of default did not, if at all, arise until within a reasonable time after the transactions with the Berner-Mayer Company, based upon the guaranty, were closed. (*Ferst* v. *Blackwell*, 39 Fla. 621; *Douglas* v. *Reynolds*, 7 Pet. 113; *Montgomery* v. *Kellogg*, 43 Miss. 486.) The day after the assignment defendant in error began

an attachment against the Berner-Mayer Company, but received nothing by it, receiving only its per cent of the general distribution under the assignment. Under such conditions we would not be prepared to say that the offer made by plaintiff in error as to the financial condition of the Berner-Mayer Company between the date that the debts became due, December 9, 1897, and the date of the assignment of the company, (the 17th,) was sufficient evidence upon that question to relieve him from liability, even if the plaintiff in error had been entitled to notice. The rule is, that the plaintiff in error must have shown the Berner-Mayer Company had sufficient goods between those dates that plaintiff in error, by receiving notice, could have realized the debt, or some portion of it, that was lost by the failure to give the notice. The mere offer to show that it was in possession of goods of a large or small amount, taken in connection with its failure and the payment of but so small a per cent of its indebtedness under the assignment, would contradict any presumption, arising from the mere possession of a large amount of goods, that plaintiff in error could have realized the debt by timely notice and action, or that plaintiff in error, by notice, could have paid and saved himself.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*