## The Pacific Surety Company of California, Appellee, v. A. Kreis, Appellant.

## Gen. No. 16,046.

SURETYSHIP—*effect of failure to allege non-performance by principal.* In an action upon an undertaking of suretyship it is not essential that the plaintiff allege notice of non-performance by the principal and a demand for performance by the surety; such matters go to the defense of the action and the burden of their proof is upon the surety.

Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Affirmed.    Opinion filed December 13, 1911.

CHARLES B. OBERMEYER, for appellant.

S. E. THOMASON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The declaration in this case alleges, in substance, that on May 10, 1900, W. H. Payne recovered a judgment, before a justice of the peace, against B. F. Fergus for the restitution of certain premises in the city of Chicago, from which judgment said Fergus took an appeal to the Circuit Court; that thereupon in consideration of the plaintiff, The Pacific Surety Co. of California, becoming surety upon an appeal bond, dated July 11, 1900, conditioned upon the prosecution by said Fergus of said appeal with effect, and the payment by him of all rent at that time due, or which might become due on or before the final termination of said suit, and all damages and losses which said Payne might sustain by reason of withholding said premises, and by reason of any injury thereto, together with all costs, in case the said judgment should be affirmed or said appeal be dismissed,

A. Kreis, the defendant, undertook and then and there faithfully promised the plaintiff, that he would keep harmless the plaintiff from and against all losses and damages, costs, charges and expenses, which said plaintiff should or might at any time sustain, for or by reason of said plaintiff having executed said bond, and all costs and expenses which said plaintiff might incur in investigating any claim made upon said bond or in and about prosecuting or defending any action which might be commenced against said Fergus or said plaintiff upon said bond; that thereafter, on to wit: September 24, 1900, the said appeal coming on to be heard in the said Circuit Court, said Fergus failed to sustain said appeal, and it was ordered by said court that a writ of restitution issue for said premises in favor of said Payne, and that he recover his costs and charges incurred in that behalf; that said plaintiff thereupon became liable to said Payne in the penal sum of $1,800, and said plaintiff was therefore forced to and did pay to said Payne the sum of $500, being the costs and charges by him sustained in that behalf. The declaration then proceeds as follows:

"Yet the defendant disregarding his said promise and undertaking so by him made as aforesaid did not nor would not save harmless or indemnify the said plaintiff from the said loss, damage, costs, charges, and expenses so by said plaintiff incurred as aforesaid, but hath hitherto wholly refused and neglected and still neglects and refuses so to do; to the damage of the plaintiff of One Thousand Dollars, and therefore he brings his suit, etc."

To this declaration the defendant interposed a demurrer, wherein he set forth, (1) that it wholly failed to allege that plaintiff ever gave any notice to the defendant of the existence of any breach of the conditions of said appeal bond, whereby the plaintiff became liable or suffered any damages, and (2) that it failed to

allege that the plaintiff ever notified defendant of its damages, or ever requested or demanded of the defendant that he pay the same or any part thereof before beginning suit. Said demurrer was overruled, and the defendant having elected to abide his demurrer, was defaulted for want of a plea, and the cause was set down for assessment of damages. The hearing on the assessment of damages resulted in a verdict and judgment against the defendant for $500.

The only assignment of error argued by appellant relates to the action of the court in overruling the demurrer to the declaration.

It is insisted by appellant that his undertaking was that of a guarantor and not absolute, but collateral; that before he could be held liable as such guarantor he was entitled to notice of non-performance on the part of his principal, and a demand for performance on himself as guarantor; and that the failure of the declaration to allege such notice and demand renders it obnoxious to the demurrer interposed. In support of such insistence appellant relies upon Taussig v. Reid, 145 Ill. 488, wherein the court adopts statements of the rule, as follows:

"Story on Contracts, vol. 2, sec. 1133, in the discussion of the question, says: 'Whenever the undertaking by a guarantor is absolute, notice is unnecessary, but where it is collateral merely, notice must be given within a reasonable time, otherwise the guarantor will be discharged, unless he is not prejudiced by the want of notice.' In Baylies on Sureties and Guarantors, 202, the author says: 'It may be laid down as a general rule, that in case of an absolute guaranty the guarantor is not entitled to demand or notice of non-performance, but where the undertaking is collateral, and not absolute, notice must be given within a reasonable time, unless circumstances exist which will excuse the want of notice. If the principal is insolvent when the debt becomes due or default is made, so that no benefit could

APPELLATE COURTS OF ILLINOIS.

be derived by the guarantor from the receipt of notice, no notice is required.''

We do not deem it necessary to determine whether the undertaking of appellant in question was that of a guarantor or surety, or whether it was absolute or collateral, because conceding for argument's sake that it constituted the collateral undertaking of a guarantor, the giving of notice of non-performance and the making of a demand were not required to be alleged in the declaration, but if there was a failure to give such notice and to make such demand, and appellant was prejudiced thereby, it was purely a matter of defense to be shown upon the trial. Upon that issue the burden of proof would be upon appellant. Mamerow v. Nat. Lead Co., 206 Ill. 626, is conclusive of the question.

The demurrer to the declaration was properly overruled and the judgment is affirmed.

*Judgment affirmed.*