The plaintiff, Barnett Bank of Pensacola, sued the defendant, Elvin Marable, for $10,000.00 on a contract of guaranty. The defendant gave the plaintiff a guaranty to secure payment of a promissory note executed to Robert T. Green. Mr. Green failed to pay the promissory note to the plaintiff when due and the plaintiff brought this suit pursuant to the guaranty of defendant. The trial court, sitting without a jury, *Page 67 
found for the defendant and the plaintiff has appealed.
The only issue presented by this appeal is whether the trial court erred in determining that defendant was not plaintiff's guarantor.
The guaranty agreement executed and signed by the defendant to the plaintiff provides in part as follows:
 In consideration of your making advances, loans, or otherwise giving credit to Robert T. Green, III, Pensacola, Florida, (hereinafter referred to as borrower), the undersigned hereby guarantees to you and your successors and assigns, the payment of all moneys which shall at any time be owing to you from borrower, its successors or assigns, either directly or indirectly in an amount not to exceed $10,000.00.
Like other contracts, a guaranty is complete when the minds of the parties meet in mutual assent to the same things in the same sense. Huckaby v. McConnon Co., 213 Ala. 631,105 So. 886 (1925). The defendant testified that he knew that his agreement with the plaintiff was a guaranty. He also testified that he signed the guaranty to enable Mr. Green to obtain a loan from the plaintiff. The plaintiff's loan officer testified that one of the reasons for extending credit to Robert Green was the guaranty agreement. The guaranty agreement was obtained from the defendant prior to the plaintiff making the loan to Mr. Green. Thus we conclude that there was a meeting of the minds between plaintiff and defendant. The defendant has made no allegation of fraud or misrepresentation; therefore the guaranty agreement is complete in all respects.
At trial the defendant did not attack the existence of the guaranty, but instead argued that he had been released from the guaranty. The defendant based his argument on a conversation he had with Robert Green. The defendant stated that he was told by Mr. Green that he (defendant) was released from the guaranty. However, the defendant was unable to produce a written release nor did he testify that he was told by the plaintiff that he was released from the guaranty agreement. The plaintiff's loan officer testified that at no time had the bank executed a release to the defendant. We think the defendant's reliance on the statements of Mr. Green are misplaced. The defendant's liability as guarantor is to the plaintiff and not to Robert Green. Therefore Mr. Green was not in a position to release the defendant from his obligation.
As previously noted, the guaranty agreement executed by the defendant was valid in all respects, and after carefully examining the record, we do not find that the defendant has produced any evidence which would tend to defeat such agreement. Therefore we reverse the judgment of the trial court and remand the cause for entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.