In September 1992 William R. Hubbell Steel Corporation (Hubbell) filed a complaint against Bert P. Epperson. The complaint alleged that Epperson had entered into a guaranty agreement with Hubbell in April 1983, wherein Epperson guaranteed the payment of indebtedness incurred by Temco Metals, Inc. (Temco). The complaint also alleged that Epperson had breached the guaranty agreement when he refused to pay the indebtedness incurred by Temco after Temco filed for bankruptcy. The complaint requested that the trial court award to Hubbell $43,827.50, plus $6,574.13 in attorney fees, plus interest and costs.
After a non-jury trial in May 1995, the trial court issued a final judgment, finding in favor of Epperson. Specifically, the trial court's order stated the following: "Having observed the witnesses and carefully weighed all the evidence, the court finds that it would not be reasonable for Epperson to remain liable for Temco's debts over nine years after he executed the guaranty agreement." Hubbell filed a motion to alter, amend, or vacate, which was denied.
Hubbell appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
On appeal, Hubbell contends that the trial court committed reversible error when it found that the guaranty agreement executed by Epperson in April 1983 was not valid as to the February 1992 transaction with Hubbell because, it says, the guaranty agreement had no termination date and had not been rescinded by either party.
Our review of the record reveals the following pertinent facts: The only two witnesses testifying at trial were Epperson and Alfred Walker, the current president and CFO for Hubbell. Their testimony revealed that neither was involved in the 1992 transaction between Temco and Hubbell. William Hubbell died in June 1994.
Walker testified that he was involved in the credit and financial aspects of Hubbell's business in 1983 and that he witnessed William Hubbell's signature on the April 1983 guaranty agreement.
In April 1983 Epperson was the chairman of the board for Temco. William Hubbell was president of Hubbell. Epperson and William Hubbell were personal friends, and when Epperson needed steel quickly, he negotiated a deal with his friend, Hubbell. *Page 1133 
Epperson testified that he did whatever was necessary to obtain the steel because Temco needed the steel quickly. Epperson stated that approximately $8,000 was paid up front and that the balance was guaranteed by the April 1983 guaranty agreement.
The steel was received, and the balance for the 1983 transaction was paid in full. Temco ceased doing business with Hubbell from 1983 until 1992 because Epperson was displeased with the quality of steel received from Hubbell.
In 1992 someone from Temco, other than Epperson, placed an order with Hubbell. Walker testified that it is Hubbell's policy to run a credit recheck on the business if a substantial amount of time has elapsed between transactions and that the credit file shows that such a recheck occurred. However, Walker testified that Epperson was not contacted during the credit recheck and that Hubbell relied upon Epperson's nine-year-old guaranty agreement in advancing credit to Temco because Epperson remained a principal in Temco.
Temco failed to pay Hubbell for the 1992 transaction prior to filing for bankruptcy under Chapter 11. Hubbell filed a claim with the bankruptcy court as a creditor of Temco. Additionally, Hubbell sought payment from Epperson on Temco's indebtedness, pursuant to the April 1983 guaranty agreement.
The trial court's May 31, 1995, order stated the following, in pertinent part:
 "The primary issue to be determined by the court is whether the guaranty agreement which was executed in 1983 obligates Epperson to pay Temco's 1992 debt to Hubbell. The parties did not have a continuing business relationship during the interim. The agreement had no stated termination date.
 "In a contract which has not fixed time for performance, the law presumes that the parties intended to contract for a reasonable time. What constitutes a reasonable time is dependent upon the nature, purposes, and circumstances surrounding the transactions. Restatement (Second) of Contracts § 33 [1981].
 " 'Like other contracts, a guaranty is complete when the minds of the parties meet in mutual assent to the same things in the same sense.' . . . Barnett Bank v. Marable, 385 So.2d 66[, 67] (Ala.Civ.App. 1980). . . .
 "In Mamerow v. National Lead Co., 206 Ill. 626[, 634], 69 N.E. 504[, 507] (1903), the court made the following statement which seems to be the law in both Alabama and Illinois:
 " 'We think the greater weight of authority is agreed that where the guaranty is a continuing one, and is unlimited as to the duration and amount for which the guarantor will be liable, such time and amount must be reasonable, under the circumstances of the particular case.' (Citations omitted.)"
As previously noted, the trial court determined "that it would not be reasonable for Epperson to remain liable for Temco's debts over nine years after he executed the guaranty agreement." After reviewing the record, we agree with the trial court's determination.
We find that considering the totality of the circumstances, in this instance the trial court did not err to reversal in finding in favor of Epperson. Stated differently, the trial court's reliance on the general principles of law, as stated in its order, was not misplaced.
These principles of law are: (1) when there is no fixed time for performance stated in a contract, the law presumes that a "reasonable time" was intended, Restatement (Second) of Contracts § 33; (2) a guaranty, as other contracts, is complete when the minds of the parties to the guaranty meet in mutual assent, Barnett Bank, 385 So.2d 66; and (3) when there is a continuing guaranty, which is unlimited in duration, the period of time for which it is valid must be reasonable, in light of the circumstances of the particular case. Mamerow, 206 Ill. 626,69 N.E. 504.
As the above is dispositive of this case, we pretermit discussion of the remaining issues.
The judgment of the trial court is due to be affirmed. *Page 1134 
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.