## R. Chester Frost v. The Standard Metal Company.

### Gen. No. 11,539.

1. GUARANTY—*when, continuing in character.* A guaranty in words as follows : " I hereby guarantee the purchase account of George K. Harrington for $1,500," is continuing in its nature and is limited, not as to time but merely as to amount.

2. GUARANTY—*when mutuality of, appears.* Where a guaranty is made at the request of the guarantee, its mutuality is established and it is valid and binding notwithstanding such request was not made directly to the guarantor by the guarantee.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 31, 1904.

**Statement by the Court.** It appears in this case that in 1901 the firm of George K. Harrington & Co. desired to purchase goods from appellee upon credit. The latter declined to extend such credit unless the account was guaranteed by some responsible party. Appellant was suggested by Harrington & Co. After some consideration appellee agreed to accept appellant as a satisfactory guarantor. A short time thereafter Harrington & Co., through R. W. Cohen, a partner in that firm, presented to appellee the guaranty of R. Chester Frost & Co. This paper appellee declined to accept, but agreed to accept the personal guaranty of appellant. Cohen then went to appellant and repeated this conversation to him. The following day Cohen brought and delivered to appellee the written guaranty in evidence. It reads as follows :

"CHICAGO, July 19, 1901.

STANDARD METAL CO.

GENTLEMEN : I hereby guarantee the purchase account of George K. Harrington & Co. for fifteen hundred dollars ($1,500).

R. CHESTER FROST,
167 Wabash Ave."

After the receipt of this paper, and upon its strength and credit, appellee sold goods to Harrington & Co. until Feb-

ruary, 1902, when that company was put into involuntary bankruptcy. During this period the aggregate purchases of Harrington & Co. from appellee were $9,789.27, and the aggregate payments thereon were $7,168.76, leaving due and unpaid upon such account at the time of the bringing of this suit the sum of $2,620.51. Demand was made by appellee upon appellant, by registered letter, to pay $1,500 under said agreement. This demand not being complied with, suit was brought upon the guaranty. The trial resulted in a verdict and judgment in favor of appellee for the sum of $1,500, from which appellant perfected this appeal.

BLACK & BLACK, for appellant.

HENRY S. SHEDD, for appellee; JOHN SCHWENDER, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

Counsel for appellant contend, first, that the so-called guaranty is in legal effect simply an offer or proposal on the part of Frost to guarantee the purchases of George K. Harrington & Co.; second, that when there is a mere proposal to guarantee, there is no meeting of minds until the offer is accepted and notice is given to the guarantor of such acceptance; and third, that the so-called guaranty was limited to an account of $1,500, and that when goods to that amount had been sold to Harrington & Co. and that credit and amount had been cancelled by payment (as is the case here) it operated as a discharge of the guaranteed liability.

The first and second propositions will be considered together. The evidence shows that Cohen in obtaining this guaranty was acting between the parties. He went to appellee and ascertained that the guaranty of appellant would be accepted. Shortly thereafter he presented to appellee the guaranty of the firm of appellant. Cohen was then told by appellee that this guaranty would not do; that he must get the personal guaranty of appellant. He then called upon appellant and repeated this conversation to

him; and the interview resulted in the making and delivery of the guaranty in question. This evidence is not disputed. It follows therefrom as a legal conclusion that this guaranty was signed by appellant at the request of appellee. The mutual assent of the parties is shown, and the delivery of the guaranty completed the contract. Cooke v. Orne, 37 Ill. 187; Davis Sewing M. Co. v. Richards, 115 U. S. 524; 1 Brandt on Suretyship, 2nd ed., secs. 160, 161.

In Cooke v. Orne, *supra*, H. & W. asked for credit from H. & O., and offered C. as security. H. & O. wrote H. & W. that they would accept C. H. & W. then notified C., who gave the guaranty there in question. The court held that upon these facts notice is implied in the very nature of the transaction, and that any further notice of the guaranty would have been superfluous.

In Davis Sewing M. Co. v. Richards, *supra*, the court say : "If the guaranty is signed at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty * * * the mutual assent is proved, and the delivery of the guaranty completes the contract."

The last contention of appellant that this instrument is not a continuing guaranty, and that as goods to the amount of $1,500 had been bought and paid for by Harrington & Co., the guarantor was discharged, is untenable. The form of this guaranty is that of a positive agreement. It is a guaranty of " the purchase account " of Harrington & Co. The word " account " implies, not a single transaction, but a series of transactions; not one purchase, but several purchases. The limitation in the instrument is as to amount and not as to time; it is a limit upon responsibility; and not upon the amount of goods sold. In construing such contracts our Supreme Court say : "But the weight of authority seems to be in favor of construing them by rules at least as favorable to the creditor as those applied to other written contracts, notwithstanding the guarantor is, in a sense, to be regarded as a surety. In Mason v. Prichard, (12 East 227) it is held that the words are to be taken

Frost v. Standard Metal Co.

as strongly against the party giving the guaranty as the sense of them will admit." Taussig v. Reid, 145 Ill. 497. Accordingly it was held in that case that a guaranty in which the material words were "for goods purchased or which may be purchased hereafter of them to the amount of $1,500," was a continuing guaranty, and " that it was intended that Mrs. Zuckeman should have credit with the plaintiff, and that appellants would be liable for any balance that might remain unpaid at maturity at any time during the continuance of the guaranty. That is, that it was intended to give her credit with the plaintiffs to the amount of $1,500, until the guaranty should be revoked."

The guaranty in question is limited as to amount, but contains no limitation as to time. In such cases, unless the circumstances of the execution of the guaranty show a contrary intention, the paper " will, in general, be construed to be a continuing guaranty and operative until revoked, and the guarantor will be held liable to the extent of the guaranty, notwithstanding the principal debtor may have, during the existence of the guaranty, contracted debts to an amount equal to or greater than the sum named in the guaranty, and paid them." 14 Am. & Eng. Ency., 2nd ed., p. 1140.

In Tootle v. Elgutter, 14 Neb. 158, the words of the guaranty were : " Please let Mr. John Newman have credit for goods to the amount of $100, and for the payment of which I hold myself responsible." The court say : " In our opinion, the guaranty in this case was a continuing one, and the limitation therein was as to the extent of the defendant's liability, and not as to the credit to be given to Newman."

In Rindge v. Judson, 24 N. Y. 64, a contract to be "accountable to you that Mr. Butler will pay you for a credit on glass, paints, etc., which he may require in his business, to the extent of $50," is a continuing guaranty, the court saying : " Had the guarantor desired or intended to limit his responsibility to a single transaction, or to several transactions not exceeding that sum in all, it was so easy to have

said it in plain and unmistakable terms, that if he failed to do so, and by equivocal language induced the guarantee to part with his goods, he should abide the consequences."

Unless the words in which the guaranty is expressed fairly imply that the liability of the guarantor is to be limited, the guaranty will be regarded as continuing until revoked. Wright v. Griffith, 121 Ind. 478.

An instrument reading: "The bearer is going to start a peddling route to sell cigars and tobacco. He wishes to buy goods of your firm. We, the undersigned, will be his security to the amount of $1,000," held to be a continuing guaranty. Sickle v. Marsh, 44 How. Pr. 91.

By the terms of the guaranty in this case, treating it as an instrument drawn and signed by appellant, it appears that the parties looked to a course of dealing between appellee and Harrington & Co., not confined to a single purchase and sale, but including a succession of credits for the ultimate liquidation of which appellant would be liable to an amount not exceeding the sum of $1,500. The authorities cited confirm this interpretation.

The judgment of the Superior Court is affirmed.

*Affirmed.*