## Jacob Heeringa et al., Plaintiffs in Error, v. William Ort= lepp et al., Defendants in Error.

## Gen. No. 16,242.

1. SURETYSHIP—*when instrument continuing guarantee.* *Held,* that the instrument set forth in the opinion in this case fixing no limit as to the amount of credit that should be given the debtor by reason of the limitation as to the amount guaranteed, and which further fixed no limit of time, although the amount of the guarantee was limited, was continuing in character.

2. SURETYSHIP—*effect of failure to notify guarantor of debtor's default.* The failure of the creditor to notify a guarantor promptly as to the debtor's default is only a defense in so far as such guarantor suffers loss in consequence.

Error to the Municipal Court of Chicago; the HON. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed. Opinion filed February 21, 1912.

CHARLES DANIELS and SUMNER C. PALMER, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Plaintiffs in error, doing business as Michigan Tea Rusk Company, sued William Ortlepp and Samuel Hoffman, defendants in error, upon an account for goods sold and delivered to Hoffman, March 25, 1908, to September 24, 1908. The suit, on motion of plaintiffs in error, was dismissed as to Hoffman. In a trial without a jury the court rendered judgment against the plaintiffs in error, who ask a reversal of the judgment.

Defendant in error, Ortlepp, was sued as guarantor. Prior to July 23, 1908, the traveling salesman of plaintiffs in error, in their behalf, told Ortlepp that he

would not sell Hoffman any more goods unless somebody guaranteed the pay. A few days thereafter the salesman received and accepted for plaintiffs in error the following letter of guaranty, to wit:

> "Chicago, July 23rd, 1908.
> Michigan Tea Rusk Company,
>    Gentlemen:
> I guarantee Mr. Hoffman's account for the sum of Two Hundred and Fifty ($250.00) Dollars for goods. In case of non-payment I want to be notified right away.
>
> Yours,
> William Ortlepp."

Following the acceptance of the said guaranty, plaintiffs in error sold and delivered to Hoffman six bills of tea, amounting to $611. Hoffman made five payments thereon during the running of the account, amounting to $323.13, leaving a balance due of $288.13. Shortly after the selling of the last bill to Hoffman, i. e., shortly after September 24, 1908, the salesman told Ortlepp that Hoffman had bought several bills and had paid part; that he had not paid for the last bill and two other prior bills, and that he owed a balance of $288.31. Ortlepp replied that he would go and see Hoffman about it.

The court refused to hold as a proposition of law that the guaranty of Ortlepp was a continuing guaranty. The court also held as a proposition of law that the plaintiff in error was not bound to give notice to Ortlepp of non-payment by Hoffman until he owed $250, but was bound to do so right away after said amount was due. There is no dispute that Hoffman owed said balance, and it was well proved, and no further evidence of defense was offered by defendant in error.

Following the rule in such cases of giving to the instrument the effect which best accords with the intentions of the parties, as manifested by the terms of the

guaranty when taken in connection with the subject-matter, and read in the light of the surrounding circumstances, we must hold that the contract is a continuing guaranty. It appears that it was the intention of the parties to look to a course of dealing in the future. Hoffman's "account for the sum of $250" was guaranteed, and the term, account, is usually applied not to the result of a single item or transaction, but to the condition or result of a number of transactions in which there are different items of charge and credit. No limitation of time is fixed in the contract, although the amount of the guaranty is limited. There was no limit fixed as to the amount of credit that should be given Hoffman by reason of the limitation as to the amount guaranteed. The evidence therefore establishes clearly a contract of continuing guaranty, and a liability against Ortlepp in the sum of $250, unless his defense of want of timely notice shall prevail. Taussig v. Reid, 145 Ill. 488; The Malleable Iron Range Co. v. Pusey, 244 Ill. 184; Pearsell Mfg. Co. v. Jeffreys, 105 Am. St. 522, and notes.

The purpose of notice in such a case, generally, is to enable the guarantor, if he elects, to pay the guaranty and proceed at once against the principal. Defendants in error received notice of default, and if not timely enough under the contract, it had no other effect than to afford Ortlepp a defense to the extent he sustained loss thereby. Swisher v. Deering, 204 Ill. 203.

As there was no proof of loss to Ortlepp by reason of a want of prompt notice to him of Hoffman's failure to pay, the plaintiffs' right to judgment is clear. The judgment of the Municipal Court is, therefore, reversed, and judgment will be entered in this court in favor of plaintiffs in error against defendants in error in the sum of $250 and for costs.

*Judgment reversed.*