# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*TH Davidson & Co., Inc. v Eidola Concrete, LLC*, 2012 IL App (3d) 110641

---

| | |
|---|---|
| Appellate Court Caption | TH DAVIDSON AND COMPANY, INCORPORATED, Plaintiff-Appellee, v. EIDOLA CONCRETE, LLC, and THOMAS E. KILBRIDE, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-11-0641 |
| Filed | July 2, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In the absence of limiting language, the personal guaranty signed by the co-manager of defendant concrete company as part of an application for a line of credit, the guaranty was a continuing guaranty, it was unlimited as to duration and amount, and judgment was properly entered for the vendor in the full amount it sought, even though the amount exceeded the limit the co-manager requested. |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 09-SC-2349; the Hon. Kenneth Leshen, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Edward S. Glazar, Jr., of Morgan & Glazar, of Kankakee, for appellants.

Larry D. Serene, of Kankakee, for appellee.

Panel

JUSTICE CARTER delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice McDade concurred in the judgment
and opinion.

## OPINION

¶ 1    The plaintiff, TH Davidson & Co., Inc. (Davidson), sued the defendants, Eidola
Concrete, LLC (Eidola Concrete) and Thomas E. Kilbride, in small claims court to recover
money allegedly owed on a line of credit. The circuit court found in favor of Davidson for
$5,600.80. On appeal, the defendants argue that the court's decision was erroneous because
Kilbride personally guaranteed only $1,000. We affirm.

¶ 2                                    FACTS

¶ 3    On September 4, 2007, Kilbride, then a co-manager of Eidola Concrete, filled out a
"Credit Application/Sales Contract" whereby Davidson would agree to sell ready-mix
concrete and other materials to Eidola Concrete on a line of credit. Eidola Concrete requested
a $1,000 line of credit.

¶ 4    After Eidola Concrete failed to pay an amount owed to Davidson under the contract,
Davidson sued Eidola Concrete and Kilbride in his personal capacity. At the September 21,
2010, bench trial, the parties stipulated that Eidola Concrete owed Davidson $5,600.80.

¶ 5    Testimony elicited at trial indicated that Eidola Concrete's credit application was
reviewed by Davidson's chief financial officer (CFO), who approved the application but
crossed out the $1,000 figure on the application and wrote $3,000 in its place. The CFO
testified that it was customary for him to call a customer to let it know the decision on the
application, but he could not recall a specific conversation with Kilbride in that regard.

¶ 6    Kilbride testified that he never consented to or signed the modified application. He also
said he never talked to anyone about the credit limit being increased to $3,000. He did agree
that he signed a personal guaranty on the "Terms and Conditions" page of the application,
which stated:

        "By signing below, the undersigned acknowledges that, as a principal of the
    Contractor, the undersigned will benefit financially by Davidson extending credit to the
    Contractor and that, in consideration of Davidson's extending credit to the Contractor
    under the terms hereof, and for other good and valuable consideration, the receipt and

sufficiency of which are hereby acknowledged, and to induce Davidson to extend credit to the Contractor, the undersigned hereby agrees to guarantee the payment in full of any amount owing to Davidson by the Contractor at any time."

Kilbride stated that pursuant to the agreement, he was personally liable for only $1,000 of the $5,600.80 that Eidola Concrete owed to Davidson.

¶ 7    At the close of the bench trial, the circuit court found that the personal guaranty was clear and unambiguous because it was not limited to a specific amount, but was for any amount owed. Accordingly, the court found in favor of Davidson for $5,600.80 plus costs.[1] The defendants appealed.

¶ 8                                                    ANALYSIS

¶ 9    The defendants' sole argument on appeal is that the circuit court's decision was erroneous because Kilbride personally guaranteed only $1,000.

¶ 10    A guaranty contract is construed according to the principles that govern contracts generally. *McLean County Bank v. Brokaw*, 119 Ill. 2d 405, 412 (1988); *Blackhawk Hotel Associates v. Kaufman*, 85 Ill. 2d 59, 64 (1981) (citing Restatement of Security § 88 (1941)); Restatement (Third) of Suretyship and Guaranty § 14 (1996) ("[t]he standards that apply to interpretation of contracts in general apply to interpretation of contracts creating secondary obligations"). "The function of the court is to effectuate, if ascertainable, the intent of the parties to the contract." *McLean County Bank*, 119 Ill. 2d at 412; *Lee v. Pioneer State Bank*, 97 Ill. App. 3d 97, 99 (1981). If the contract's language is unambiguous, it must be enforced as written. *McLean County Bank*, 119 Ill. 2d at 412; *Lee*, 97 Ill. App. 3d at 99. The construction of a contract presents a legal question that we review *de novo*. *Martis v. Grinnell Mutual Reinsurance Co.*, 388 Ill. App. 3d 1017, 1020 (2009).

¶ 11    While the parties in this case have not phrased it as such, the dispositive issue in this case invokes the law on continuing guaranties. "A continuing guaranty is a contract pursuant to which a person agrees to be a secondary obligor for all future obligations of the principal obligor to the obligee." Restatement (Third) of Suretyship and Guaranty § 16 (1996). "Where by the terms of the written guaranty it appears that the parties look to a future course of dealing or a succession of credits, it is generally considered a continuing guaranty." *Scovill Manufacturing Co. v. Cassidy*, 275 Ill. 462, 467 (1916); *Weger v. Robinson Nash Motor Co.*, 340 Ill. 81, 92 (1930).

¶ 12    There can be no question in this case that the parties contemplated a future course of dealing through the contract. Davidson agreed to supply materials to Eidola Concrete on credit, and the contract refers to matters such as separate purchase orders. Kilbride signed the guaranty for "payment in full of any amount owing to Davidson by the Contractor [Eidola Concrete] at any time." Thus, Kilbride's liability was continuing. Accord *Heeringa v. Ortlepp*, 167 Ill. App. 586, 588 (1912) (finding a continuing guaranty even when the amount

---

[1]The proofs were later reopened after it was established that Eidola Concrete paid Davidson $3,000 on the debt in January 2008.

-3-

of the guaranty was expressly limited, as the intention of the parties was to look to a future course of dealing); *Frost v. Standard Metal Co.*, 116 Ill. App. 642, 645-46 (1904) (same).

¶ 13 Moreover, contrary to Kilbride's protestations, his liability was not limited to only $1,000 of the debt based on the figure he listed on the first page of the agreement. For over a century Illinois law has been clear:

> "In the absence of an expressed intention in the contract that the maximum amount of credit specified is to be a limitation on the amount of credit to be extended and an absolute condition of the guarantor's undertaking, the extension of credit beyond that amount does not discharge or release the guarantor of liability on the specified amount." *McLean County Bank*, 119 Ill. 2d at 412 (citing *Taussig v. Reid*, 145 Ill. 488, 496 (1893)).

There is no such limiting language in this agreement. Under these circumstances, we hold that the circuit court's decision was proper.[2] See *Mamerow v. National Lead Co.*, 206 Ill. 626, 634 (1903) ("[w]e think the greater weight of authority is agreed that where the guaranty is a continuing one, and is unlimited as to duration and amount for which the guarantor will be liable, such time and amount must be reasonable, under the circumstances of the particular case").

¶ 14                                             CONCLUSION
¶ 15 The judgment of the circuit court of Kankakee County is affirmed.

¶ 16 Affirmed.

---

[2]We also note that a continuing guaranty can be terminated by the continuing guarantor giving notice to the obligee (Restatement (Third) of Suretyship and Guaranty § 16 (1996)), but there was no evidence in this case that Kilbride ever attempted to terminate the continuing guaranty.